UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-CV-00971-CAS(RZx) | Date | February 25, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE RE: LACK OF SUBJECT MATTER JURISDICTION

## I.    INTRODUCTION

On December 10, 2014 plaintiff KB Foothill Center, LLC filed a complaint for unlawful detainer in the Ventura County Superior Court against defendants Luigi E. Falcocchia and Logan T. Falcocchia for possession of the subject property located at 3293 Breaker Drive Ventura, CA 93003. Dkt. No. 1. The complaint alleges damages of less than $10,000. Id. On February 10, 2015, defendants removed the action to this Court on the basis of purported federal question jurisdiction. Id. Defendants allege that jurisdiction in this Court is proper because the unlawful detainer was commenced without 90 days notice, as required by the Foreclosure Act of 2009, 12 U.S.C. § 5201. As detailed below, it appears that federal subject matter jurisdiction is lacking. Defendant is therefore ORDERED TO SHOW CAUSE why this lawsuit should not be remanded to the Superior Court.

## II.   DISCUSSION

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-00971-CAS(RZx) | Date | February 25, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA; ET AL. | | |

a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. EDCV 10-01893-RGK (DTBx), 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

    It does not appear that federal subject matter jurisdiction exists in this case.  It is settled that "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, No. 1:11-cv-01225 LJO GSA, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust 2011 U.S. Dist. LEXIS 83854, at *2 ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  Here, the only claim asserted by plaintiffs is for unlawful detainer.

    Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."  Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).  To the extent that defendant has attempted to create subject matter jurisdiction by alleging a federal defense or counterclaim, such attempts are unavailing because a federal defense is not part of a plaintiff's claim.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court").  Therefore, federal jurisdiction may not be based on an anticipated defense created by federal law.  Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see Cal. Equity Mgmt. Grp., Inc. v. Jiminez , No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding an unlawful detainer action); OP Dev., Inc. v. Pascal , No. 1:11-cv-01363 LJO GSA, 2011 WL 3687636, at *2 (E.D. Cal. Aug. 23, 2011) ("Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.").  Because the complaint alleges only a single state law claim for unlawful detainer and does not cite federal law, federal question jurisdiction does not exist, despite the federal law cited by defendant in the notice of removal.  Thus, the Court lacks federal question jurisdiction over this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-CV-00971-CAS(RZx) | Date | February 25, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA; ET AL. | | |

### III.   CONCLUSION

As explained above, it does not appear that federal subject matter jurisdiction exists in this case.  Therefore, defendant is ORDERED TO SHOW CAUSE by **March 5, 2015** why this case should not be remanded to the Superior Court.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |