UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-00971-CAS-RZx | Date | March 12, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** (In Chambers) ORDER REMANDING ACTION TO THE VENTURA COUNTY SUPERIOR COURT

## I. INTRODUCTION

On December 10, 2014, plaintiff KB Foothill Center, LLC filed a complaint for unlawful detainer in the Ventura County Superior Court seeking monetary relief against Luigi E. Falcocchia and Logan T. Falcocchia. Dkt. No. 1. The complaint alleges damages of less than $10,000. Id. On February 10, 2015, defendants removed this action to this Court on the basis of purported federal question jurisdiction. Id. In their notice of removal, defendants allege a defense based upon the Protecting Tenant at Foreclosure Act of 2009, 12 U.S.C. § 5201. Id. On February 25, 2015, the Court, noting the probable lack of federal jurisdiction, issued an order to show cause why this case should not be remanded by March 5, 2015. Dkt. No. 7. To date, defendants have not responded to that order. For the reasons below, the Court hereby REMANDS this case to the Ventura County Superior Court.

## II. DISCUSSION

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing party to demonstrate that subject matter jurisdiction exists. See e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-00971-CAS-RZx | Date | March 12, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA ET AL. | | |

and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

The Court concludes that federal question jurisdiction does not exist in this case. Whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).  A federal defense, even a constitutional one, is not part of a plaintiff's claim.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and, therefore, does not authorize removal to federal court"). Therefore, federal jurisdiction may not be based on an anticipated defense created by federal law.  Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see California Equity Mgmt. Grp., Inc. V. Jiminez, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses.") (remanding an unlawful detainer action); OP Dev., Inc. v. Pascal , 2011 WL 3687636, at *2 (E.D. Cal. Aug. 23, 2011) ("Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.").

Here, the complaint alleges only a single state law claim for unlawful detainer and does not cite federal law.  It is settled that "[u]nlawful detainer actions are strictly within the province of state court."  Fed. Nat'l Mortg. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust, 2011 U.S. Dist. LEXIS 83854, at *2 ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  Although defendants allege that they have a defense based upon the Protecting Tenant at Foreclosure Act of 2009, 12 U.S.C. § 5201, this defense does not suffice to create federal question jurisdiction.  See Metro Life Ins. Co., 481 U.S. at 63.  Thus, the Court lacks federal question jurisdiction over this claim.

**III   CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-00971-CAS-RZx | Date | March 12, 2015 |
|---|---|---|---|
| Title | KB FOOTHILL CENTER V. FALCOCCHIA ET AL. | | |

    As discussed above, the Court does not have federal subject matter jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court therefore REMANDS this case to the Ventura County Superior Court.

IT IS SO ORDERED

                                                                             :

Initials of Preparer        CJ